KAREN P. HEWITT
United States Attorney
ANDREW G. SCHOPLER
Assistant U.S. Attorney
California State Bar No. 236585
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone No.: (619) 557-5836
Facsimile No.: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR2970-W |
| Plaintiff, | Date:   January 3, 2008<br>Time:   9:00 a.m. |
| v. | |
| MIGUEL ROSALES-PESQUEDA, | UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE MOTIONS TO: |
| Defendant. | (1)   COMPEL DISCOVERY<br>(2)   FILE FURTHER MOTIONS |
| | TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND UNITED STATES' MOTIONS FOR: |
| | (1)   RECIPROCAL DISCOVERY<br>(2)   FINGERPRINT EXEMPLARS |
| | AND EXPERT NOTICE RE: |
| | (1)   FINGERPRINT EXPERT<br>(2)   A-FILE CUSTODIAN |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant U.S. Attorney, and hereby files its response in opposition to the motions filed on behalf of defendant MIGUEL ROSALES-PESQUEDA ("Defendant") and hereby files its motions for reciprocal discovery and for fingerprint exemplars, which are based upon the files and records of this case.

//

I

**INTRODUCTION**

Defendant stands charged with Attempted Entry by a Deported Alien, in violation of 8 U.S.C. § 1326(a) and (b).[1]

II

**STATEMENT OF FACTS**

In the interests of preserving any efforts of Defendant to save prosecution and judicial resources in this case, the Government hereby incorporates Defendant's statement of facts by reference, for the purpose of this response only. If the case is not resolved and Defendant files motions beyond the current straightforward discovery motions, the United States will provide a more detailed statement of facts. The United States reserves the right to expand or amend the statement of facts in future filings.

III

**POINTS AND AUTHORITIES**

A.    **THE UNITED STATES WILL PRODUCE REQUIRED DISCOVERY**

The United States intends to fully comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

(1)    **The Defendant's Statements**

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has informed Defendant of all written statements that are known to the undersigned Assistant U.S. Attorney at this date and will produce all available videotapes

---

[1]    The United States is considering a superseding indictment, which would include the additional charge of False Statement to a Federal Officer, in violation of 18 U.S.C. § 1001. Defendant initially claimed that his name was "Irma Ramirez," but later admitted that he had lied to the agents and that his true name is Miguel Rosales-Pesqueda.

07CR2970-W

1    and/or audiotapes as soon as possible.  If the Government discovers additional oral or written

2    statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will

3    be provided to Defendant.

4        The Government has no objection to the preservation of the handwritten notes taken by any

5    of the Government's agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th

6    Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective

7    government witnesses).  However, the Government objects to providing Defendant with a copy

8    of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes

9    where the content of those notes have been accurately reflected in a type-written report.  See

10   United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573,

11   583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where

12   there are "minor discrepancies" between the notes and a report).  The Government is not required

13   to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"

14   (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim

15   narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United

16   States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not

17   constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d

18   1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes

19   were scattered and all the information contained in the notes was available in other forms).  The

20   notes are not Brady material because the notes do not present any material exculpatory

21   information, or any evidence favorable to Defendant that is material to guilt or punishment.

22   Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither

23   favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,

24   27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

25   was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable

26   under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

27   //

28

07CR2970-W

**(2)**      <u>Arrest Reports and Notes</u>

The United States has provided Defendant with arrest reports. As noted previously, agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

**(3)**      <u>Brady Material</u>

Again, the United States is well aware of and will continue to perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." <u>Id.</u> at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

**(4)**      <u>Sentencing Information</u>

The United States is not obligated under <u>Brady</u> to furnish a defendant with information which he already knows. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). <u>Brady</u>

is a rule of disclosure, and therefore, there can be no violation of <u>Brady</u> if the evidence is already known to the defendant.  In such case, the United States has not suppressed the evidence and consequently has no <u>Brady</u> obligation.  <u>See</u> <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date.  <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th Cir. 1988) ("No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value.").  Accordingly, Defendant's demand for this information is premature.

### (5)    **Defendant's Prior Record**

The United States has provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

### (6)    **Proposed 404(b) and 609(b) Evidence**

The United States will provide Defendant with official notice of its proposed use of other acts evidence, pursuant to Federal Rules of Evidence 404(b) or 609(b), and information about such acts at the time the United States' trial memorandum is filed.

**Although the United States does not believe these qualify as Rule 404(b) evidence, Defendant should be on notice that the United States intends to introduce evidence of all of his prior deportations.**

### (7)    **Evidence Seized**

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is material to the preparation of Defendant's defense or are intended for use by the United States as evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

07CR2970-W

1    The United States, however, need not produce rebuttal evidence in advance of trial.  United

2    States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

3    **(8)    Preservation of Evidence**

4    The United States will preserve all evidence to which Defendant is entitled pursuant to the

5    relevant discovery rules.  However, the United States objects to any blanket request to preserve

6    all physical evidence.

7    The United States has complied and will continue to comply with Rule 16(a)(1)(C) in

8    allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

9    evidence which is within his possession, custody or control of the United States, and which is

10   material to the preparation of Defendant's defense or are intended for use by the United States as

11   evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

12   The United States has made the evidence available to Defendant and Defendant's investigators and

13   will comply with any request for inspection.

14   Again, the United States will continue to comply with its obligations pursuant to

15   United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

16   **(9)    Law Enforcement Personnel Files – _Henthorn_ Material**

17   The United States will continue to comply with its obligations pursuant to United States

18   v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

19   **(10)   Tangible Objects**

20   The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

21   allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

22   tangible objects seized that is within its possession, custody, or control, and that is either material

23   to the preparation of Defendant's defense, or is intended for use by the Government as evidence

24   during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government

25   need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767

26   F.2d 574, 584 (9th Cir. 1984).

27   //

28

07CR2970-W

1

(11)     **Expert Summaries**

2          The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

3   summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

4   of the Federal Rules of Evidence during its case-in-chief at trial.  This summary shall include the

5   expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

6   opinions.  The United States has provided its expert notice below and has provided (or will

7   provide) resumes and reports in discovery.

8

(12)     **Impeachment Evidence**

9          As stated previously, the United States will turn over evidence within its possession which

10  could be used to properly impeach a witness who has been called to testify.

11

(13)     **Criminal Investigation of Government Witness**

12         Defendants are not entitled to any evidence that a prospective witness is under criminal

13  investigation by federal, state, or local authorities.  "[T]he criminal records of such [Government]

14  witnesses are not discoverable." United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976);

15  United States v. Riley, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

16  of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); cf. United

17  States v. Rinn, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

18  the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a

19  defendant with the criminal records of the Government's intended witnesses.") (citing Taylor, 542

20  F.2d at 1026).

21         The Government will, however, provide the conviction record, if any, which could be used

22  to impeach witnesses the Government intends to call in its case-in-chief.  When disclosing such

23  information, disclosure need only extend to witnesses the United States intends to call in its case-

24  in-chief.  United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini,

25  607 F.2d 1305, 1309 (9th Cir. 1979).

26  //

27  //

28

1               **(14)**     **Evidence of Bias or Motive to Lie**

2         The United States is unaware of any evidence indicating that a prospective witness is biased

3 or prejudiced against Defendant. The United States is also unaware of any evidence that

4 prospective witnesses have a motive to falsify or distort testimony.

5               **(15)**     **Evidence of Perception, Recollection, Communication, Truth-Telling**

6         The United States is unaware of any evidence indicating that a prospective witness has a

7 problem with perception, recollection, communication, or truth-telling.

8               **(16)**     **Witness Addresses**

9         The Government has already provided Defendant with the reports containing the names of

10 the agents involved in the apprehension and interviews of Defendant. A defendant in a non-capital

11 case, however, has no right to discover the identity of prospective Government witnesses prior to

12 trial. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d

13 1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United

14 States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996). Nevertheless, in its trial memorandum, the

15 Government will provide Defendant with a list of all witnesses whom it intends to call in its case-

16 in-chief, although delivery of such a witness list is not required. See United States v. Discher, 960

17 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

18         The Government objects to any request that the Government provide a list of every witness

19 to the crimes charged who will not be called as a Government witness. "There is no statutory basis

20 for granting such broad requests," and a request for the names and addresses of witnesses who will

21 not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)." United States v. Hsin-

22 Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502

23 (D. Del. 1980)). The Government is not required to produce all possible information and evidence

24 regarding any speculative defense claimed by Defendant. Wood v. Bartholomew, 516 U.S. 1, 6-8

25 (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

26 of admissible exculpatory evidence are not subject to disclosure under Brady).

27 //

28

1    **(17)    Witnesses Favorable to the Defendant**

2    As stated earlier, the Government will continue to comply with its obligations under Brady

3    and its progeny.  At the present time, the Government is not aware of any witnesses who have

4    made an arguably favorable statements concerning Defendant or who could not identify him or

5    who were unsure of his identity or participation in the crime charged.

6    **(18)    Statements Relevant to the Defense**

7    To reiterate, the United States will comply with all of its discovery obligations.  However,

8    "the prosecution does not have a constitutional duty to disclose every bit of information that might

9    affect the jury's decision; it need only disclose information favorable to the defense that meets the

10    appropriate standard of materiality."  Gardner, 611 F.2d at 774-775 (citation omitted).

11    **(19)    Jencks Act Material**

12    The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

13    on direct examination, the Government must give the Defendant any "statement" (as defined by

14    the Jencks Act) in the Government's possession that was made by the witness relating to the

15    subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

16    Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

17    by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

18    oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

19    are read back to a witness to see whether or not the government agent correctly understood what

20    the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

21    Act. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United

22    States, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

23    material after the witness testifies, the Government plans to provide most (if not all) Jencks Act

24    material well in advance of trial to avoid any needless delays.

25    //

26    //

27    //

28

07CR2970-W

1    **(20)    Giglio Information**

2    As stated previously, the United States will comply with its obligations pursuant to <u>Brady</u>

3    <u>v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.

4    1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

5    **(21)    Agreements Between the Government and Witnesses**

6    The Government has not made or attempted to make any agreements with prospective

7    Government witnesses for any type of compensation for their cooperation or testimony.

8    **(22)    Informants and Cooperating Witnesses**

9    If the Government determines that there is a confidential informant in this case and that the

10    informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair

11    determination of a cause," the Government will either disclose the identity of the informant or

12    submit the informant's identity to the Court for an in-chambers inspection. <u>Roviaro v. United</u>

13    <u>States</u>, 353 U.S. 53, 60-61 (1957) (emphasis added); <u>United States v. Ramirez-Rangel</u>, 103 F.3d

14    1501, 1505 (9th Cir. 1997) (same).

15    **(23)    Bias by Informants or Cooperating Witnesses**

16    As stated above, the United States is unaware of any evidence indicating that a prospective

17    witness is biased or prejudiced against Defendant. The United States is also unaware of any

18    evidence that prospective witnesses have a motive to falsify or distort testimony.

19    **(24)    Law Enforcement Personnel Files**

20    The United States will continue to comply with its obligations pursuant to <u>United States</u>

21    <u>v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

22    **(25)    Training Manuals and Policies of Relevant Law Enforcement Agencies**

23    The United States objects to any defense request for discovery of policies, instructions and

24    training manuals regarding the interrogation of subjects.

25    **(26)    Performance Goals and Policy Awards**

26    The United States objects to any request for disclosure of performance goals and policy

27    awards with respect to the detection and interruption of criminal operations.

28

07CR2970-W

**(27)    Opportunity to Weigh , Count, View and Photograph Evidence**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(28)    Scientific Tests or Examinations**

The Government will comply with its obligations under Rule 16(a)(1)(F) with respect to examinations or scientific tests.

**(29)    Residual Request**

The Government has already complied with Defendant's request for prompt compliance with its discovery obligations.  The Government will comply with all of its discovery obligations, but objects to any broad and unspecified residual discovery request.

**B.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

The Government does not oppose granting leave to file further motions, so long as any new motions are based on new discovery and the order applies equally to both parties.

**IV**

**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

**A.    ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

Since the Government will honor Defendant's request for disclosure under Rule 16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1).  Pursuant to Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy and photograph any and all books, papers, documents, photographs, tangible objects, or make copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

1    The Government further requests that it be permitted to inspect and copy or photograph any

2    results or reports of physical or mental examinations and of scientific tests or experiments made

3    in connection with this case, which are in the possession and control of Defendant, which he

4    intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom

5    Defendant intends to call as a witness.  The Government also requests that the Court make such

6    order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives

7    the reciprocal discovery to which it is entitled.

8           **B.**    **RECIPROCAL JENCKS—DEFENSE WITNESS STATEMENTS**

9    Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

10   production of the prior statements of all witnesses, except a statement made by Defendant.  The

11   time frame established by Rule 26.2 requires the statements to be provided to the Government after

12   the witness has testified.  However, to expedite trial proceedings, the Government hereby requests

13   that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

14   before trial to be set by the Court.  Such an order should include any form in which these

15   statements are memorialized, including but not limited to, tape recordings, handwritten or typed

16   notes and reports.

17                                       **V**

18                   **UNITED STATES' MOTION FOR FINGERPRINT EXEMPLARS**

19   As part of its case, the United States must prove that Defendant was previously deported

20   from the United States.  To prove this element, the United States anticipates calling a certified

21   fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the

22   warrants of deportation and other deportation documents.  A number of chain of custody witnesses

23   could be eliminated, and judicial resources conserved, by permitting the Government's expert to

24   take Defendant's fingerprints himself.  The Defendant's fingerprints are not testimonial evidence.

25   See Schmerber v. California, 384 U.S. 757 (1966).  Further, using identifying physical

26   characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against

27   self-incrimination.  United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United

28

07CR2970-W

1    *States*, 397 F.2d 156 (9th Cir. 1968); see also *United States v. St. Onge*, 676 F. Supp. 1041, 1043

2    (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make

3    himself available for fingerprinting by the Government's fingerprint expert.

**VI**

**UNITED STATES' EXPERT NOTICE**

4

5

6    Pursuant to Federal Rule of Evidence 16(a)(1)(G), the United States hereby provides the

7    defense notice and a written summary of testimony the United States intends to use, pursuant to

8    Federal Rules of Evidence 702, 703 and 705, during the trial in the above-referenced case.

9    **A.    FINGERPRINT ANALYSIS EXPERT**

10    **(1)    Opinions**

11    The Government intends to offer fingerprint evidence through **David Beers,** an expert in

12    the area of fingerprint analysis and comparison (the "fingerprint expert" or the "expert"). The

13    fingerprint expert will explain when, how, and from whom he obtained the prints, and the United

14    States anticipates that the fingerprint expert will identify Defendant as the individual the expert

15    personally fingerprinted. The fingerprint expert will also testify that the expert reviewed various

16    documents in connection with this case, including, but not limited to, Warrants of

17    Removal/Deportation, Orders to Show Cause/Notices to Appear, and Fingerprint Cards, including

18    the card taken from Defendant at the time of arrest. The Government anticipates that the

19    fingerprint expert will testify that the expert compared the known fingerprints taken from

20    Defendant with the fingerprints on the various immigration documents in Defendant's A-File and

21    that the prints matched.

22    The United States reserves the right to have the fingerprint expert examine and testify

23    regarding other documents that may become relevant before or during trial.

24    **(2)    Bases and Reasons for Opinions**

25    The bases for the fingerprint expert's opinions include, but are not limited to, extensive

26    experience as a fingerprint technician and the number of fingerprint comparisons the expert has

27    completed during the course of the expert's career. The United States anticipates that the fingerprint

28

07CR2970-W

1   expert will explain the expert's background, the science of fingerprint analysis, the features and

2   characteristics of fingerprints in general, the uniqueness of each individual's fingerprints, and the

3   methodology used to compare and contrast fingerprints.  The fingerprint expert will be asked to

4   state the expert's opinions and conclusions regarding analyses of the fingerprints on documents

5   in Defendant's A-file and any other documents that may be relevant.

6               **(3)      Qualifications**

7        The United States will provide (or has provided) Defendant with a copy of the fingerprint

8   expert's curriculum vitae and expert report in this case in discovery.  If the fingerprint expert must

9   be changed for some reason, the defense will be notified when the United States provides the new

10  expert's curriculum vitae and expert report to Defendant in discovery.

11       **B.     A-FILE CUSTODIAN**

12       Although the United States does not believe that it is expert testimony, the United States

13  hereby provides notice under Federal Rules of Evidence 701-705 concerning its intention to elicit

14  testimony from the A-File custodian **Victor Vega** (the "A-file custodian" or the "custodian").

15              **(1)      Opinions**

16       The Government intends to call the A-file custodian to testify to the deportation process

17  generally, relevant documents related to such a proceeding, and how a person who is ordered

18  deported is eventually removed from the United States in an effort to execute the Final

19  Administrative Removal Order.  The A-file custodian will also testify that, based upon the

20  custodian's review of documents, Defendant was ordered deported and removed from the United

21  States.  The A-file custodian will further testify that the custodian reviewed the Department of

22  Homeland Security's computer databases and that the A-file custodian found no I-212 form (which

23  would indicate that Defendant had applied for legal permission to reenter the United States).

24  Lastly, the custodian will testify that the only means by which a deported alien may apply for

25  permission to reenter the United States is by filing an I-212 Form and that such a form would be

26  listed in the computer databases checked.

27  //

28

07CR2970-W

1                       **(2)**        **Bases and Reasons for Opinion**

2           The A-file custodian's opinion will be based on analysis of the files of this case, along with

3   the A-file custodian's background, education, training, experience, and knowledge of the A-files

4   and those documents contained therein.

5                       **(3)**        **Qualifications**

6           A summary of the A-file custodian's training and experience will be produced to Defendant

7   in discovery, if requested by the Court.  Since the United States does not consider A-file custodian

8   testimony to be expert testimony, the United States does not intend to provide such a summary in

9   the absence of such an order.

10  **C.**        **RECIPROCAL EXPERT DISCOVERY**

11          Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the United States hereby

12  requests a similar written summary regarding experts Defendant intends to call at trial.

13                                        **VII**

14                              **CONCLUSION**

15          For the foregoing reasons, the United States requests that the Court deny Defendant's

16  motions, except where unopposed, and grant the United States' motions for reciprocal discovery

17  and for fingerprint exemplars.

18          DATED: November 29, 2007

19                                        Respectfully submitted,

20                                        KAREN P. HEWITT
                                        United States Attorney

21

22                                      /s/ *Andrew G. Schopler*
                                        ANDREW G. SCHOPLER

23                                      Assistant U.S. Attorney

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2970-W |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| MIGUEL ROSALES-PESQUEDA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS; UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS; and UNITED STATES' EXPERT NOTICE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1.    Kris J. Kraus

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2007

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant United States Attorney